IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-HC-2032-BO

CHRISTOPHER LAMONT WHITE,          )
                    petitioner,    )
                                   )
v.                                 )          O R D E R
                                   )
UNITED STATES OF AMERICA, et al.,  )
                    respondent..   )

Petitioner, a federal inmate, filed this habeas petition pursuant to 28 U.S.C. § 2241.
This court dismissed the matter [D.E. 3], and petitioner is before the court with a motion to
reconsider [D.E. 5]. The matter is ripe for determination.

As background, on January 19, 1999, White pleaded guilty in the Middle District of
North Carolina to one count of Possession with the Intent to Distribute Cocaine Base. United
States of America v. White, No. 1:98-CR-332-1-JAB, [D.E. 16] (docket entry indicating plea
agreement). On March 24, 2000, White filed a petition under 28 U.S.C. § 2255. White, No.
1:98-CR-332-1-JAB [D.E. 36]. On January 22, 2001, the district court dismissed with prejudice
the 2255 petition. Id. at D.E. 36-45. On February 7, 2001, White filed a second 28 U.S.C. §
2255. Id. at D.E. 47-48. That petition was dismissed without prejudice for failure to obtain
certification for a 2255 application. Id. at D.E. 53.

On April 17, 2012, White filed this petition under § 2241 seeking relief as provided by
United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc) [D.E.1]. This court dismissed
the action finding that "White must challenge the legality of his sentence under 28 U.S.C. § 2255
unless 'the remedy by motion [under section 2255] is inadequate or ineffective to test the legality
of his detention.'" 28 U.S.C. § 2255(e); In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en

banc) [D.E. 3]. This court further found that converting the section 2241 petition into a § 2255 motion was precluded by statute due to White's prior section 2255 motion, and that White must first seek authorization from the Fourth Circuit. Id.

Rule 59(e) permits a court to alter or amend a judgment. See Fed. R. Civ. P. 59(e). The decision whether to amend or alter a judgment pursuant to Rule 59(e) is within the sound discretion of the district court. See, e.g., Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). Courts have recognized three reasons for granting a motion to alter or amend a judgment under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for the availability of new evidence not previously available; or (3) to correct clear error of law or prevent manifest injustice. See, e.g., Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). Consequently, "[a] Rule 59(e) motion is not intended to allow for reargument of the very issues that the court has previously decided," DeLong v. Thompson, 790 F. Supp. 594, 618 (E.D. Va. 1991), aff'd, 985 F.2d 553 (4th Cir. 1993), and is not "intended to give an unhappy litigant one additional chance to sway the judge." Durkin v. Taylor, 444 F. Supp. 879, 889 (E.D. Va. 1977). Therefore, to successfully persuade this court to alter or amend its judgment, petitioner must demonstrate that a recent change in the law, newly discovered evidence, or a clear error by this court merits such a change.

At this point in time with the litigation of Simmons claims, courts appear to be allowing petitioners to proceed under § 2241. See Smith v. United States of America, Nos. 5:05-CR-207-1-F; 5:12-CV-196-F (E.D.N.C. Aug. 28, 2012) (the government in this case argued that petitioner was procedurally barred from bringing a § 2255 petition, but agreed that relief was available, even if through waiver, under § 2241, thereby circumventing the procedural bar).

2

Accordingly, the motion for reconsideration is ALLOWED [D.E. 5] and the case shall

proceed. The Clerk is DIRECTED to continue management of the petition.

SO ORDERED, this _1_ day of ~~October~~ November 2012.


TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE